UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE RAMON TENEYUQUE,

Petitioner,

CASE NO. 2:17-CV-13833
v.                                              HONORABLE DENISE PAGE HOOD

CARMEN PALMER,

Respondent.

_____/

**OPINION & ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
& DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I.     Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner

Jose Ramon Teneyque ("Petitioner") pleaded no contest to operating a motor vehicle

while intoxicated causing death, MICH. COMP. LAWS § 257.625(4)(a), operating a

motor vehicle while intoxicated with an occupant under 16 years old, MICH. COMP.

LAWS § 257.625(7)(a)(i), and operating a motor vehicle with a high blood alcohol

content, MICH. COMP. LAWS § 257.625(1)(c), in the Saginaw County Circuit Court.

He was sentenced, as a third habitual offender, MICH. COMP. LAWS § 769.11, to

concurrent terms of 15 to 30 years imprisonment, 6 years 8 months to 10 years

imprisonment, and 6 months imprisonment in 2015.  In his habeas petition, filed through counsel, he raises claims concerning the validity of his plea and the effectiveness of defense counsel, the validity of his sentence, and his right to an evidentiary hearing.  For the reasons set forth, the Court denies the habeas petition.  The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.    Facts and Procedural History

Petitioner's convictions arise from a drunk driving accident in which he drove at a high rate of speed, swerved, and flipped his vehicle.  Petitioner and his 14-year-old son survived the crash, but his 16-year-old daughter died from a skull fracture that she suffered in the crash.  When police arrived at the scene, they observed that Petitioner smelled of alcohol, slurred his speech, and appeared visibly drunk.  A hospital blood draw done shortly after the crash revealed a blood alcohol content ("BAC") of .30.  A blood draw done pursuant to a police search warrant a few hours later revealed a BAC of .201.  Petitioner also had cocaine metabolites and marijuana in his system.  *See* Prelim. Ex. Tr., pp. 43-46, 77-78, 91, 110.

On January 23, 2015, Petitioner pleaded no contest to operating a motor vehicle while intoxicated causing death, operating a motor vehicle while intoxicated with an occupant under 16 years old, and operating a motor vehicle with a high blood alcohol

content, and acknowledged his habitual offender status, in exchange for the dismissal of a second-degree murder charge.  There was no sentencing agreement.  At that hearing, the trial court informed Petitioner that the sentencing guidelines were tentatively scored at 50 to 150 months, but that they could change and the court could exceed those guidelines.  The court also informed him that the maximum sentence he faced was 20 to 30 years imprisonment.  Petitioner stated that he understood the plea agreement and that it was his choice to plead no contest.  He acknowledged that the preliminary examination provided a factual basis for his plea and the court discussed the evidence that supported each charge.  The parties also stipulated to a .201 BAC. The court reiterated that Petitioner's guideline range was an estimate and subject to change.  Petitioner again confirmed that he understood the plea agreement and its consequences.  *See* Plea Hrg. Tr., pp. 3-5, 10, 12-18.

On March 10, 2015, the trial court conducted a sentencing hearing and sentenced Petitioner, as a third habitual offender, to concurrent terms of 15 to 30 years imprisonment, 6 years 8 months to 10 years imprisonment, and 6 months imprisonment.  At that hearing, the parties reviewed the pre-sentence report and made relevant corrections, and agreed that the sentencing guidelines were properly scored at 50 to 150 months.  While the defense argued for a sentence within the guidelines, the trial court departed above those guidelines based upon Petitioner's high BAC, his

attempt to leave to scene and his inconsistent statements, the nature of his driving, and the danger he posed to others. *See* Sent. Hrg. Tr., pp. 6-35, 65-68.

Following sentencing, Petitioner moved to withdraw his plea and sought an evidentiary hearing alleging that his plea was involuntary because defense counsel was ineffective for failing to sufficiently investigate his case and challenge the BAC results. Petitioner also filed a motion to correct an invalid sentence alleging that the trial court erred in relying on the higher BAC count to depart above the guidelines and contesting the scoring of several offense variables. On February 16, 2016, the trial court conducted a hearing and denied both motions. *See* Mot. Hrg. Tr., pp. 11-13, pp. 29-32. Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals essentially raising the same claims presented on habeas review, which was denied "for lack of merit in the grounds presented." *People v. Teneyuque*, No. 331853 (Mich. Ct. App. April 11, 2016). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Teneyuque*, 500 Mich. 899, 887 N.W.2d 424 (2016).

Petitioner, through counsel, thereafter filed his federal habeas petition raising the following claims:

    I.    He has the right to withdraw his no contest plea due to ineffective assistance of counsel where:

A.    His trial attorney failed to investigate the scientific basis behind the hospital blood test that erroneously reported his BAC to be .30, and where his trial attorney failed to investigate the reliability of the state police blood draw test, and

B.    His trial attorney did not advise him of any defenses before he pleaded no contest, and

C.    He would not have pleaded no contest if he would have known that there was an expert witness ready, willing, and able to testify in support of a substantial defense at trial.

II.    He has a due process right to be re-sentenced based upon accurate information where the sentencing court imposed sentence by mistakenly considering erroneous information in his pre-sentence report that concluded that the BAC was .30.

III.    Because the existing record establishes that the state courts unreasonably rejected his ineffective assistance of counsel claim, and because critical factual questions remain unresolved, the court should conduct a *de novo* evidentiary hearing.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit.  Petitioner has filed a reply to that answer.

## III.    Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions.  The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent

6

'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* In order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification

that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, _ U.S. _, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not

8

require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.  The requirements of clearly established law are to be determined solely by Supreme Court precedent.  "[C]ircuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief.  *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam).  The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review.  *See* 28 U.S.C. § 2254(e)(1).  A habeas petitioner may rebut this presumption only with clear and convincing evidence.  *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).  Habeas review is "limited to the record that was before the state court."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.    Discussion

### A.    Involuntary Plea/Ineffective Assistance of Counsel Claim

Petitioner first asserts that he is entitled to habeas relief because his plea was involuntary due to the ineffective assistance of defense counsel.  He alleges that counsel failed to investigate his case and the BAC results and failed to advise him of defenses and contends that he would not have pleaded no contest if he had known that an expert witness could have testified in his defense.  The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  When a criminal defendant is convicted pursuant to a plea, habeas review is limited to whether the plea was made knowingly, intelligently, and voluntarily.  *United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969).  A plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel.  *Id.* at 756.  The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences."  *Id.* at 748.  A plea is voluntary if it is not induced by threats or misrepresentations

and the defendant is made aware of the direct consequences of the plea. *Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749.

In this case, the state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary. Petitioner was 40 years old at the time of his plea, had his GED, and was familiar with the criminal justice system as a habitual offender. There is no evidence that he suffered from any physical or mental problems which impaired his ability to understand the criminal proceedings or his plea. Petitioner was represented by legal counsel and conferred with counsel during the pre-trial and plea proceedings. Petitioner had rejected a prior plea deal before accepting his current one. Petitioner was advised that he would be giving up certain rights by pleading no contest and he signed an advice of rights form. The parties discussed the charges, the terms of the plea agreement, and the consequences of the plea. Petitioner indicated that he understood the plea agreement and confirmed that he wanted to plead no contest. He acknowledged that he had not been threatened or promised anything (other than what was included in the agreement). He also agreed to the factual basis for his plea.

Petitioner is bound by the statements that he made at the plea hearing.  *See Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999).  The fact that he may have subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary.  *See Brady*, 397 U.S. at 757.  A defendant is not entitled to withdraw a plea "merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Id*.

Petitioner asserts that his plea was involuntary because defense counsel failed to investigate his case, particularly as to the BAC testing and results, and advise him about possible defenses.  The United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel.  First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).  To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id.* The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncrasies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that

counsel satisfied *Strickland*'s deferential standard." *Id.* Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. *See Premo v. Moore*, 562 U.S. 115, 125 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

To the extent that Petitioner asserts that defense counsel was ineffective for failing to investigate his case, consult with an expert witness, or take other action during the pre-plea period, he is not entitled to federal habeas relief. It is well-settled that claims about the deprivation of constitutional rights that occur before the entry of a guilty or no contest plea are foreclosed by the plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before the plea. In such a

case, a reviewing court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *Broce*, 488 U.S. at 569. Accordingly, Petitioner's claim that counsel was ineffective for failing to take certain actions during the pre-trial period is foreclosed by his plea and does not warrant relief.

Petitioner, however, also asserts that defense counsel's alleged failure to investigate his case led to his decision to plead guilty. It is true that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *Strickland*, 466 U.S. at 690-91; *Lundgren v. Mitchell*, 440 F.3d 754, 771 (6th Cir. 2006); *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned determination that investigation is not warranted).

Petitioner fails to show that defense counsel did not sufficiently investigate his case and/or was deficient in advising him about the plea. The record indicates that both Petitioner and counsel were aware of the facts of the crash, knew that there were two different BAC tests with varying results, and understood that Petitioner's BAC was an issue in the case. While Petitioner alleges that counsel failed to investigate the reliability of the BAC results or consult an expert witness, counsel may have reasonably determined that such an investigation was unwarranted due to Petitioner's

very high BAC results of .30 and .201 (where the legal limit in Michigan is .08) and the other pre-trial evidence indicating that Petitioner was intoxicated at the time of the crash.

Additionally, Petitioner offers no proof, other than his own assertions, regarding what investigation counsel did or did not consider, what actions counsel did or did not undertake, and what defenses or strategies counsel did or did not discuss with him. "It should go without saying that the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'" *Burt v. Titlow*, 571 U.S. 12, 23 (2013) (quoting *Strickland*, 466 U.S. at 689); *see also Womack v. Del Papa*, 497 F.3d 998, 1004 (9th Cir. 2007) (rejecting ineffective assistance claim based on counsel's alleged failure to discuss possible defenses where petitioner confirmed his understanding of the plea agreement in court and evidence that counsel failed to discuss defenses consisted only of "self-serving statements"). Conclusory allegations are insufficient to warrant habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for an evidentiary hearing on habeas

review).

Counsel's strategy in pursuing a plea and foregoing other avenues of defense was reasonable given the charges against Petitioner, the evidence of guilt presented at the pre-trial proceedings, the uncertainties of trial, and the potential for him to be convicted of second-degree murder and face a life sentence. *See, e.g., West v. Berghuis*, 716 F. App'x 493, 497 (6th Cir. 2017) (counsel was not constitutionally ineffective in recommending a plea to minimize the petitioner's exposure to a more serious charge even if doing so meant abandoning a defense). While Petitioner presents an expert witness report challenging the BAC testing and the reliability of those results (obtained after his plea and sentence), such information, at best, would have resulted in a battle among the experts and would not have necessarily invalided those results nor exonerated Petitioner. To be sure, witnesses observed his erratic driving and the police observed his intoxicated state at the time of the crash. Petitioner fails to show that counsel's performance in foregoing further investigation and possible defenses and advising Petitioner to accept the plea agreement was unreasonable or otherwise constitutionally deficient.

Furthermore, given the foregoing circumstances, Petitioner fails to show that he was prejudiced by counsel's conduct, *i.e.*, that but for counsel's advice, he would have rejected the plea agreement and insisted on going to trial. To be sure, the

potential evidence against him was significant and he faced a second-degree murder charge, which could have resulted in a life sentence. Petitioner fails to establish that defense counsel was ineffective under the *Strickalnd/Hill* standard. The Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary.

Lastly, to the extent that Petitioner asserts that the trial court erred in denying his plea withdrawal motion, he is not entitled to relief. Such a claim is not cognizable on habeas review because it is a state law claim. A criminal defendant has no federal constitutional right, or absolute right under state law, to withdraw a knowing, intelligent, and voluntary plea. *Chene v. Abramajtys*, 76 F.3d 378 , 1996 WL 34902, *2 (6th Cir. 1996) (table). Consequently, "the decision to permit a defendant to withdraw a plea invokes the trial court's discretion. A trial court's abuse of discretion generally is not a basis for habeas corpus relief." *Adams v. Burt*, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted); *see also Hoffman v. Jones*, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v.*

*Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).  Habeas relief does not lie for perceived errors of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Habeas relief is not warranted on this claim.

### B.    Sentencing Claim

Petitioner next asserts that he is entitled to habeas relief because the trial court relied upon inaccurate information in departing above the sentencing guidelines and imposing his sentence.  He relatedly asserts that defense counsel was ineffective for failing to object at sentencing.  The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' denial of relief is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts.  A sentence imposed within the statutory limits is generally not subject to federal habeas review.  *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.  *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).  Petitioner's sentences are within the statutory maximums for his offense for

a third habitual offender. *See* MICH. COMP. LAWS §§ 257.625(4)(a); 257.625(7)(a)(i); 257.625(1)(c), 769.11. Consequently, his sentences are insulated from habeas review absent a federal constitutional violation.

As an initial matter, to the extent that Petitioner asserts that he is entitled to habeas relief because the trial court erred in departing above the minimum guideline range, he is not entitled to relief. Such a claim is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Austin v. Jackson*, 213 F.3d 298, 300-01 (6th Cir. 2000) (state court did not abuse its discretion nor violate federal due process by imposing a sentence above the state sentencing guidelines); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009) (denying habeas relief on sentencing departure claim). As discussed, state courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis*, 497 U.S. at 780; *Oviedo*, 809 F.2d at 328; *see also Bradshaw*, 546 U.S. at 76; *Sanford*, 288 F.3d at 860. Habeas relief does not lie for perceived errors of state law. *Estelle*, 502 U.S. at 67-68. Petitioner fails to state a claim upon which federal habeas

relief may be granted as to this issue.

Petitioner, however, also asserts that the trial court relied upon inaccurate information, the .30 BAC result, in imposing his sentence. A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972) (citing *Townsend*); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner admits he had a sentencing hearing before the trial court with an opportunity to contest the any findings by the trial court. He also raised this issue before the trial court in his post-sentencing motion to correct his sentence. At that hearing, the trial court stated that its sentence was based upon a variety of factors and that the BAC was only one of them. The trial court further explained that it was the high BAC, whether .30, .20., or .18, that mattered and the .30 BAC test result was not determinative. *See* Mot. Hrg. Tr., pp. 29-31. Petitioner also challenged his sentences in the state appellate courts and was denied relief. Petitioner fails to establish that the

state court relied upon materially false or inaccurate information in imposing his sentences which he had no opportunity to correct.  Habeas relief is not warranted on this claim.

Petitioner relatedly asserts that defense counsel was ineffective for failing to object to the pre-sentence report and the trial court's remarks involving the BAC results at the time of sentencing.  As discussed, in order to establish that defense counsel was ineffective, Petitioner must prove that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687.  Given the state courts' rulings and this Court's decision that the underlying sentencing claim lacks merit, Petitioner cannot establish that counsel erred and/or that he was prejudiced by counsel's conduct.  Counsel cannot be deemed ineffective for failing to make a futile or meritless objection.  *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000).  Habeas relief is not warranted on this claim.

## C.    Evidentiary Hearing Claim

Lastly, Petitioner asserts that he is entitled to an evidentiary hearing.  As discussed *supra*, federal habeas review under 28 U.S.C. § 2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits."

*Cullen*, 563 U.S. at 180.  Consequently, federal district courts cannot conduct "evidentiary hearings to supplement existing state court records when a state court has issued a decision on the merits with respect to the claim at issue." *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013).  In this case, the state trial court considered the merits of Petitioner's claims in denying his post-sentencing motions and the Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented."  The state courts adjudicated Petitioner's claims on the merits, *see Harrington*, 562 U.S. at 98-99 (explaining that when a state court denies relief on a claim without explanation, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary"), such that he is not entitled to an evidentiary hearing on federal habeas review.

Additionally, to the extent that Petitioner asserts that the state courts erred in denying his requests for an evidentiary hearing on his claims, he is not entitled to relief.  Such a claim is not cognizable on habeas review because it is a state law claim.  *See Hayes v. Prelesnik*, 193 F. App'x 577, 584 (6th Cir. 2006) (citation omitted).  A state court's alleged failure to properly apply state law or its own procedural rules, even if well-established, is not cognizable on federal habeas review. *See Estelle*, 502 U.S. at 67-68 ("it is not the province of a federal habeas court to

reexamine state-court determinations on state-law questions"). This court's power to grant a writ of habeas corpus only extends to errors in the application of federal law. *Id.* There is also no clearly-established Supreme Court law which recognizes a constitutional right to an evidentiary hearing on state post-conviction review. *Hayes*, 193 F. App'x at 584; *Davis v. Ludwick*, No. 10-CV-11240, 2013 WL 1212833, *18 (E.D. Mich. March 25, 2013) (denying habeas relief on similar evidentiary hearing claim); *Hall v. Berghuis*, No. 07-12163, 2009 WL 2244793, *9 (E.D. Mich. July 27, 2009) (same). Habeas relief is not warranted on this claim.

## V.    Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus and this action is designated **CLOSED** on the Court's docket.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed

further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Petitioner makes no such

showing.  Accordingly, the Court **DENIES** a certificate of appealability.  The Court

also **DENIES** Petitioner leave to proceed in forma pauperis on appeal as an appeal

cannot be taken in good faith.  *See* FED. R. APP. P. 24(a).

      **IT IS SO ORDERED**.


      s/Denise Page Hood
      Chief Judge, U. S. District Court


Dated:  April 16, 2020